DAVIS & ROESCH TEMPERATURE CONTROLLING CO. v. ROESCH et al.

(Circuit Court, E. D. New York.  July 18, 1906.)

PATENTS—INFRINGEMENT.

> The Roesch patent, No. 717,122, for a pressure governor, claim 5 construed, and as limited by the prior art *held* not infringed.

In Equity.  On final hearing.

James C. Chapin, for complainant.

Kenneson, Emley & Rubino (Seabury C. Mastick, of counsel), for defendants.

THOMAS, District Judge.  This is a suit in equity to enjoin the defendants from the infringement of claim 5 of letters patent No. 717,122, issued to A. Roesch December 30, 1902.  Claim 5 is as follows:

> "In a regulator, the combination with a valve-casing having two valve-seats, of two oppositely-opening valves fitted to said casing to engage said seats and arranged in line with each other, and an adjustable screw, fitted to one valve and engaging the other, substantially as and for the purpose set forth."

Assuming that Roesch is bound by the patent, so far as concerns the fifth claim, it is thought that the invention as claimed is not broad enough to cover defendants' structure, as shown in Exhibit B.  The patentee used two valves, each on its own stem to act alternately, so that, when one was by certain pressure forced shut, it would by contact force the other open.  To effect this the length of the combined valves and their stems must be somewhat greater than the distance between the seats of the valves.  But the distance that it was desirable that the valves should open might vary, and to meet any demands in that regard he threaded an adjusting screw in the end of one valve.  By screwing this in or out he got the proper adjustment.  This is what he says:

> "The inner ends of the valves, 14 and 15, are in contact with each other, and I have provided an adjusting-screw, 26, in screw-threaded engagement with one of said valves and bearing against the other, in order to adjust the amount of opening possible for either of the said valves.  The adjusting-screw, 26, will be so adjusted that when either one of the valves is closed the other valve will always be open.  In the position in which the parts are illustrated herein the inlet-valve, 14, is closed, and consequently the discharge-valve, 15, is opened.  When pressure rises in the pressure-chamber, 5, so as to further overcome the tension of the spring, 22, the discharge-valve, 15, will be closed, while the inlet-valve 14 will be opened."

The use of a screw to adjust mechanical parts to desired dimensions had been long in general use.  The use of a screw in relations similar to those appearing in the present combination had been suggested by Cullingworth & Potter in letters No. 287,105 in 1882, by Davison in letters No. 364,708 in 1887, by Clark in letters No. 478,688 in 1892.  Hence the use of a set screw to adjust the length of a valve or valves could not be claimed by the patentee.  In fact, he did claim it quite narrowly.  He diagrammatically showed two valves meeting in the casing, alternately pushing each other in and out.  To do this

they had to open in opposite directions. They had to be "arranged in line with each other." To make one long enough to push the other out, but yet not so long as to push it too far out, one had to carry an adjustable screw at its inner end, "engaging the other valve." The language exactly fits the specification and the diagram. It is simple and ought to be construed to mean what it plainly says. The complainant contends that "oppositely-opening valves" does not refer to direction, "but to their operation, by which the opening movement of one is against or opposed to the opening movement of the other." It is understood that the complainant urges that "oppositely-opening" means "alternately opening," or oppositely opening in point of time. This is interpretation by argument. The plain interpretation needs no argument. The words say that valves open oppositely, and so they do. If they open oppositely in this case, they cannot both be open and shut at the same time, because one in shutting pushes the other open. The defendants' combination shows a screw used to increase or to decrease the combined lengths of two valves and the stems to which they are attached. There are two valves. Each is attached to a stem or lever, and each is at right angles to its stem and engages a seat in the casing. But the stems are not placed end to end, with a screw in the end of one to enlongate or to shorten it. One stem is pivoted on bearings supported in the casing, the other is supported by bearings supported on the first stem, so that one stem rides on the other, and the screw is used to vary the distance between them. The following sketch shows the parts:

Complainant describes the device as follows:

"d and d' are levers carrying respectively valve, c c', controlling parts, b and b'. Fitted to one lever, d', and engaging the other lever, d, is a screw, e, which adjusts the movements of the valves, c c'. B is a carbon rod inside of a metal tube, C, and when, by variations in temperature, the metal tube, C, contracts, the carbon rod is lifted thereby, and acts against the shoulder of lever d' to lift the valve, c', from its seat, and open it. The opening movement of valve, c', acts against valve, c, to close the latter. When the tempera-

ture rises and the metal tube, C, expands, rod, B, which is of carbon, and less sensitive to the variations in temperature than tube, C, will fall, and lever, d', being relieved of the pressure of the rod, will be actuated by the spring. f', to close valve, c', because the tendency of the spring, f', is to lift valve, c, off its seat; the opening movement of valve, c, closes valve, c'. In brief, the opening movement of one valve necessarily produces a closing movement of the other, the valves acting always in opposition to each other."

The valves are not "oppositely-opening," except in the sense that one opens when the other shuts. In the nature of the case they cannot be oppositely opening. The valves are not "arranged in line with each other," within the meaning of the description of the claim, nor is there an adjustable screw "fitted to one valve and engaging the other, substantially as * * * set forth," although the screw in one stem engages the screw in the other "for the purposes set forth"; that is, to make the combined stem and valves longer or shorter.

The whole case seems to be this: The defendants' device infringes if, in view of the prior art and the well-known use of set screws, the complainant's claim is broad and unlimited enough to cover the use in pressure governors of a set screw, to increase or decrease the combined length of two valves (including their stems), so that one valve will, under pressure, drive the other shut, and the pressure being removed, allow it to open. It is considered that the complainant is not entitled to such invention under the claim in question.

The bill will be dismissed.